FILED
Nov 21, 2025
09:26 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| George Patrick Lawson | Docket No. 2025-30-2913 |
| v. | State File No. 860454-2024 |
| Aqua-Chem, Inc., et al | |
| Appeal from the Court of Workers' Compensation Claims Lisa A. Lowe, Judge | |

---

## Affirmed and Remanded

---

In this interlocutory appeal, the employee challenges the trial court's denial of his motion to compel. The employee alleged he contracted several diseases, including metastatic cancer and toxic encephalopathy, as a result of occupational exposures over the course of his employment with the employer. The employer obtained an opinion from a doctor specializing in oncology and hematology regarding causation who initially determined the employee's conditions were more likely than not caused by occupational exposures. However, once the employer provided additional information to its expert regarding the employee's medical history and conditions at the employer's facility, she revised her causation opinion. After the employer declined to allow the employee to enter its facility to obtain video and photographs of conditions inside the plant, the employee filed a motion to compel. The employer objected to the employee's request on the grounds of relevance and confidentiality, stating that it could not grant such access to the facility because of its obligations to its customers, including the United States military, and any video and photographs obtained would not be relevant because the employee had not worked at the facility in ten years. The trial court denied the motion to compel, and the employee has appealed. Having carefully reviewed the record, we affirm the trial court's order and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

David H. Dunaway, Alcoa, Tennessee, for the employee-appellant, George Patrick Lawson

Owen R. Lipscomb, London, Kentucky, for the employer-appellee, Aqua-Chem, Inc.

**Factual and Procedural Background**

George Patrick Lawson ("Employee") began working for Aqua-Chem, Inc. ("Employer"), in 1993 as a machinist. In that position, Employee was required to operate certain equipment and handle and process metal components in an industrial setting. In 2014, Employee became a project engineer, which required reviewing drawings and coordinating project plans with stakeholders, primarily in an office environment. Employee then left Employer and began working in sales with another company in 2016, where he remained until 2024.

In September 2024, Employee was diagnosed with prostate cancer that had metastasized to his ribs. On December 2, 2024, following a medical evaluation requested by his attorney, Employee was informed by Dr. C.M. Salekin that he believed Employee's prostate cancer was caused by occupational exposure to hexavalent chromium and other carcinogens while working for Employer. Dr. Salekin also diagnosed Employee with toxic encephalopathy caused by exposure to "cutting oil" ingredients during his employment with Employer. Employee filed a petition for benefit determination the following day, alleging he suffered from prostate cancer, bone cancer, and toxic encephalopathy caused by "exposure to stainless steel, other metal cuttings, cutting fluids, lubricants, and welding fumes during the course and scope of [his] employment." Employee included with his petition a Standard Form Medical Report (Form C-32) completed by Dr. Salekin. Employee later voluntarily dismissed his initial petition and filed another petition on March 12, 2025, adding "emotional injuries" as a claim. Employee requested an expedited hearing in May, seeking a decision on the record, and Employer objected, requesting additional time and an in-person evidentiary hearing. The trial court issued an order on June 25, 2025, denying Employer's request for an in-person hearing and stating it would make a decision on the record due to the "extraordinary circumstances involving [Employee's] health." It ordered Employee to provide any supplemental information it wanted the court to consider by July 10 and for Employer to provide any such supplemental information by July 25.

On July 7, Employee filed a motion to "compel entry, video and photography of the premises." Employer objected and, in the alternative, requested a protective order. The parties then proceeded to comply with the previously set deadlines in preparation for the trial court's on-the-record determination. Employer filed a portion of Employee's deposition as part of the record, and, after his deadline for submission had passed, Employee moved the court for the opportunity to supplement the record with his complete deposition. Employer filed a motion for a thirty-day extension to submit additional records, arguing that if Employee was allowed to supplement the record, it should have the same opportunity. The trial court agreed and granted a thirty-day extension until August 14 to submit any other materials, and until August 21 to submit the briefs and any evidentiary objections.

Before the court completed its on-the-record determination, Employee filed a motion for summary judgment, as well as some additional medical records.[1] Employer filed the opinion of Dr. Judy L. Schmidt on August 14, 2025, which included a document dated July 15, 2025, entitled "Peer Review" and an August 11, 2025 addendum. Dr. Schmidt had initially opined that Employee's "cognitive impairment and prostate cancer are occupationally related" to his employment with Employer. However, Employer provided her with an OSHA facts sheet on hexavalent chromium; information regarding air quality testing of its facility from 2024 and 2025; information regarding the existence of exhaust fans at its facility; and information regarding Employee's medical history, including an alleged history of smoking. Dr. Schmidt revised her opinion, stating that, "[b]ased on the totality of the evidence, I consider that the causal link between the claimant's metastatic prostate cancer and his occupational exposure is speculative . . . ." Employee promptly objected and filed a renewed motion to compel entry to Employer's premises for purposes of obtaining video and photographs of the plant. Employer renewed its objections and its motion for a protective order.

On September 12, 2025, the trial court denied Employee's motion to compel, stating that Employer "has raised valid security and relevancy concerns" and finding that "videos and photographs of [Employer's] plant in 2025 are not relevant or instructive of the plant set-up in 2015." The trial court went on to observe that Employee could cross-examine Dr. Schmidt about the additional information she had reviewed during her deposition. Employee has appealed.[2]

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2024). The interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). However, a trial court's decision to grant or deny a discovery motion is reviewed under an abuse of discretion standard. *Johnson v. Nissan N. Am., Inc.*, 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004). This standard "contemplates that before a reversal the record must show that a judge 'applied an incorrect

---

[1] Although titled a motion for summary judgment, Employee's motion sought partial summary judgment as to the issue of the compensability of Employee's claims. To date, that motion remains pending.

[2] Employee filed a purported statement of the evidence on appeal. However, it is not a proper statement of the evidence, as the order being appealed was issued based on a review of the record and without an evidentiary hearing. *See* Tenn. Comp. R. & Regs. 0800-02-22-.05(1) (2023) ("[A]ny appealing party may "prepare a statement of the evidence summarizing the live witness testimony presented at the hearing." Accordingly, we decline to consider the purported statement of the evidence. Furthermore, Employee requested oral argument on appeal, and that request is denied.

3

legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" *Hubbard v. Sherman-Dixie Concrete Indus.*, No. E2010-02219-WC-R3-WC, 2011 Tenn. LEXIS 965, at *11 (Tenn. Workers' Comp. Panel Oct. 18, 2011) (quoting *State v. Farrell*, 277 S.W.3d 372, 378 (Tenn. 2009)). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

**Analysis**

Employee identified two issues on his notice of appeal, which we restate as follows: (1) whether the trial court erred in denying his motion to obtain video and photographs of Employer's facility; and (2) whether the court erred in denying Employee's motion to strike the addendum of Dr. Schmidt. In his brief on appeal, Employee concedes that, although the denial of the motion to strike the addendum is listed as an issue, the trial court has not yet ruled on that motion. As such, the only issue for purposes of this appeal is whether the trial court abused its discretion in denying Employee's motion to compel.[3] For the reasons stated below, we conclude it did not.

It is well-settled that discovery in Tennessee is generally broad, and the rules governing discovery are to be liberally construed. *Estate of Guinn v. Barnard Roofing Company, Inc.*, No. 2017-02-0207, 2017 TN Wrk. Comp. App. Bd. LEXIS 59, at *6-7 (Tenn. Workers' Comp. App. Bd. Oct. 5, 2017). In circumstances where a litigant objects to a discovery request, the party seeking the discovery must present evidence in support of a motion to compel sufficient to show "good cause" as to why a court order is necessary. *Id.* at *13. Here, Employee seeks to compel Employer to allow him to enter Employer's premises to obtain video and photographs of all or parts of the plant. Citing Rule 34.01 of the Tennessee Rules of Civil Procedure, Employee argues that inspection of the premises and obtaining video and photographs of Employee's workstation are necessary to prevent "substantial unfairness" to Employee and to prevent Employer from "manipulating" evidence. In response, Employer argues that the relevance and probative value of any such photographic evidence would be minimal given that Employee has not worked at the plant in ten years, and it must abide by certain confidentiality restrictions required by its customers, including the United States military.

---

[3] Employee also contends in his brief that the trial's court's denial of the motion to compel is tantamount to granting Employer's motion for a protective order. However, there is no order granting that motion in the record. Furthermore, Employer's request for a protective order was conditioned on the trial court *granting* Employee's motion to compel, which it did not do. On appeal, we cannot review this issue without a trial court order addressing the motion for protective order. *Keyes v. Bridgestone Americas*, No. 2016-06-2007, 2017 TN Wrk. Comp. App. Bd. LEXIS 33, at *7-8 (Tenn. Workers' Comp. App. Bd. May 18, 2017).

4

Tennessee Rule of Civil Procedure 34.01 allows any party to request "entry upon designated land or other property . . . for the purpose of inspection . . . within the scope of Rule 26.02." Rule 26 requires discovery to be relevant to the subject matter of the action or reasonably calculated to lead to the discovery of admissible evidence. It specifically states that a court has discretion to limit discovery depending on a variety of factors, including "the needs of the case, the amount in controversy, . . . and the importance of the issues at stake in the litigation." As we recently noted, the Tennessee Supreme Court has established "a balancing test that a trial court must use when assessing disputed discovery requests," stating that "even if the requested information is not privileged and is relevant to an issue in the case, the trial court should still "balance the specific need for the information against the harm that could result from disclosure." *See Anderson v. U.S. Foods, Inc.*, No. 2025-80-0906, 2025 TN Wrk. Comp. App. Bd. LEXIS 48, at \*12-13 (Tenn. Workers' Comp. App. Bd. Sept. 25, 2025) (citing *West v. Schofield*, 460 S.W.3d 113, 127-28 (Tenn. 2015)).

Furthermore, we are required to review a trial court's discretionary decision to deny the motion to compel discovery by determining

> (1) whether the factual basis for the decision is properly supported by the evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions.

*Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524-25 (Tenn. 2010) (internal citations omitted).

Here, Employer argued that the requested information was, in fact, privileged and/or subject to confidentiality requirements due to its obligations as reflected in military contracts and nondisclosure agreements with other clients. Employer also provided a Rule 72 Declaration of its Vice President of Quality and Supply Chain, stating that it was required to protect "controlled unclassified information" due to its working relationship with the United States military. Employee provided no evidence calling into question these contractual obligations, but, seeming to presume his workstation is in the condition it was when he left the plant in 2015, argued that Employee's workstation is not part of the plant to which those contractual obligations apply. In addition, Employee asserts that video and photographs of Employee's former workstation are the best evidence for Employer's expert, Dr. Schmidt, to review in formulating her causation opinions. However, Employee provided no evidence to support his assertion that his former workstation is outside a protected area, particularly in consideration of how much time has passed since his employment ended.

5

Furthermore, we conclude the court properly examined the relevance of the requested information. Employee ceased working for Employer approximately ten years before being diagnosed with prostate cancer. The court noted that, even if certain of the facility's operations were not subject to confidentiality obligations, pictures and videos of the facility's current state would provide little or no relevant evidence regarding the conditions of the facility as it existed at the time Employee left in 2015.

We note that the court's interlocutory decision to deny the motion to compel does not impact in any way Employee's ability to question witnesses regarding the layout or conditions of the facility at the time of his employment. The parties have already deposed four co-workers of Employee, and counsel has had the opportunity to ask for their recollections of Employee's workstation and the presence, absence, or location of exhaust fans relative to that workstation. Employer has provided Employee with a diagram of the plant and pictures of exhaust fans in the facility. In addition, as noted by the trial court, Employee will have the opportunity to cross-examine Employer's expert and can question her regarding any information she reviewed and whether her opinions would be impacted by additional information regarding the layout or conditions of the plant. Finally, Employee is not precluded from requesting Employer to provide additional photographs or video of specific areas of the plant that would not require Employer to violate its confidentiality requirements or contractual obligations. In short, we conclude the trial court did not abuse its discretion by denying Employee's motion to compel at this interlocutory stage of the case.

## Conclusion

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| George Patrick Lawson | Docket No. 2025-30-2913 |
| v. | State File No. 860454-2024 |
| Aqua-Chem, Inc., et al. | |

Appeal from the Court of Workers'
Compensation Claims
Lisa A. Lowe, Judge

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 21st day of November, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| David H. Dunaway | | | | X | dhdunaway@aol.com<br>sarah.rickaowenslaw@gmail.com |
| Owen R. Lipscomb | | | | X | owen.lipscomb@libertymutual.com<br>rachel.dornier@libertymutual.com |
| Lisa A. Lowe, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov